1THIBODEAUX, Judge,
dissenting.
The majority opinion reflects a lack of understanding of the real issue in this case. I agree with the majority’s observation that the law governing legal malpractice is clear and that the facts found by the trial judge are reasonably based. However, the majority’s judgment is clearly wrong when it concludes that this case “presents no legal issues.” That is the very essence of this case. This is not a situation where we are questioning the trial judge’s findings of fact and have misapplied the clearly erroneous rule. To the contrary, just as Judge Stoker observes, “there is no substantial difference between the trial judge’s finding of fact and the facts as stated in the majority opinion on original hearing.” What is being questioned, and properly so, is the legal conclusion reached as a result of those findings. The trial court reached its result by overlooking applicable legal principles. The majority now exacerbates that error by sanctioning the misapplication of clearly established principles of law in the legal malpractice area.
jjThe court blindly and imprudently applies the clearly erroneous rule to affirm the trial court without substantial effort to discern the legal ramifications flowing from facts which are universally acknowledged by all the panel members. The clearly erroneous rule should not be used as a shield to subvert the justice function of an appellate court, especially when it has no application to a determination of a legal conclusion.
The trial court’s mistake was an error of law. The majority’s mistake is similarly an error of law which manifests itself in a ruling which does injustice to the legal profession.
For the foregoing reasons and for the reasons expressed in the majority opinion on original hearing, I respectfully dissent.